THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ANTHONY BARILE, Appellant.

Fourth Department, April 3, 1935.

*Ernest Leet*, for the appellant.

*David L. Brunstrom*, for the respondent.

PER CURIAM. Defendant was convicted of the crime of blackmail. The claim is that he mailed a certain letter to one Mrs. Selden, threatening harm to her unless she procured $5,000 to be delivered to him by the hand of her chauffeur at a certain time and place designated in the letter. At the designated time and place the chauffeur appeared and delivered a package to defendant, which it is claimed he received in the presence of a State trooper concealed in the back of the car driven by the chauffeur.

There is no direct evidence connecting defendant with the writing of the letter. His guilt is predicated entirely upon proof that he

was present at the time and place designated in the letter, and that he, momentarily at least, accepted the package tendered to him and made certain admissions tending to show that he was expecting the chauffeur to appear at that time and place and that, before accepting the package, defendant asked the chauffeur if any one was around. The time designated was two P. M., on a summer's day, and the place was one where the road was clear and straight for a long distance in each direction, and the fields on either side of the road clear and open. There was no place where any one could be concealed. Furthermore, the designated place was in front of the farm owned by defendant's mother, where he had lived for some time and was well known. Still further it was proven by defendant's witness Esperson, and his employee Hawkins, that defendant had an appointment with Esperson to come to the same place at about the same time to negotiate for the purchase of some personal property on the farm of defendant's mother, the house on said farm having recently burned down.

Defendant's claim is that he was present at the designated time and place for the purpose of meeting Mr. Esperson, that he did not understand the chauffeur's question, which, in substance, asked him if he was waiting for somebody, and that, if he said anything about any one's being around, it was because he was not, himself, expecting any package to be delivered to him.

The People's witnesses also swore that, some time after defendant was arrested, he protested that he had not written any letter to " that woman," and that defendant, up to that time, had not been informed that it was a woman who had received the threatening letter. Defendant claims that if he spoke of " that woman " it was because some of the People's witnesses had theretofore disclosed to him that it was a woman who had received the letter, and that he had no personal knowledge of the fact.

Defendant has been twice convicted upon substantially the same evidence. The record discloses no error upon this last trial in the reception and exclusion of evidence, and the matter was presented to the jury in an able charge that was entirely fair and impartial. Still we think the defendant was not proven guilty beyond a reasonable doubt. It seems inconceivable that defendant seeking to obtain money by blackmail, would select, as the place for the consummation of his plan, the one place where he was best known, and a time when his identification was certain. Defendant's presence at the time and place in question is accounted for by his appointment with Esperson who was negotiating for the purchase of some personal property on defendant's mother's farm. Defendant's presence at the particular point where he was encountered by

the chauffeur is accounted for by the fact that his sister and her husband were working in a field adjacent to the road at that point. Defendant was not armed in any manner or in any way disguised at the time of his arrest. We do not think that the circumstantial evidence pointing to defendant's guilt excludes every reasonable hypothesis of innocence.

The judgment of conviction should be reversed and the indictment dismissed.

Present — SEARS, P. J., TAYLOR, EDGCOMB, CROSBY and LEWIS, JJ. All concur, except EDGCOMB, J., who dissents and votes for affirmance.

Judgment of conviction reversed on the law and the facts and indictment dismissed.